IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DILANG D. DAT,

Defendant.

8:22CR147

FINDINGS AND
RECOMMENDATION

This matter is before the Court on defendant Dilang D. Dat's motion to dismiss, (Filing No. 75), for violation of his statutory and constitutional rights to a speedy trial.  For the reasons set forth below, the undersigned magistrate judge will recommend that the motion be denied, without an evidentiary hearing.

BACKGROUND

On June 14, 2022, a federal grand jury returned a six count Indictment against Defendant and three co-defendants. (Filing No. 1).  Count IV charges Defendant with being a felon in possession of a handgun on or about January 26, 2022, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Defendant's initial appearance and arraignment on the Indictment was held before the undersigned magistrate judge on August 9, 2022, and Defendant pled not guilty.  (Filing No. 12).  A detention hearing was held on the same date, and the undersigned magistrate judge found Defendant should remain detained pending trial. (Filing No. 15).  Defendant was appointed counsel (Filing No. 13) and a progression order (Filing No. 14) was entered setting August 29, 2022, as the pretrial motion deadline.

On August 29, 2022, a co-defendant filed a motion to extend the pretrial motion deadline (Filing No. 36), and on August 30, 2022, Defendant filed an Unopposed Motion to Extend Time to File Pretrial Motions (Filing No. 37) asking for an extension of the pretrial motion deadline "for at least 45 days."  The Court granted both the motions on August 30, 2022, extended the pretrial motion deadline to October 13, 2022, and deemed the time between August 29, 2022, and October 13, 2022, as excludable time in any computation of time under the requirement of the Speedy Trial

Act after finding the "ends of justice have been served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial." (Filing No. 38).

On October 11, 2022, Defendant filed a second Unopposed Motion to Extend Pretrial Motion Deadline (Filing No. 43) asking for an extension of the pretrial motion deadline "for at least 7 days to October 20, 2022."   The Court granted Defendant's motion on October 12, 2022, extended the pretrial motion deadline to November 14, 2022, and found the time between October 12, 2022, and November 14, 2022, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act after making an "ends of justice" finding.  (Filing No. 45).

On November 11, 2022, Defendant filed a third Unopposed Motion to Extend Pretrial Motion Deadline (Filing No. 52) asking for an extension of the pretrial motion deadline to December 14, 2022.  The Court granted Defendant's motion on November 14, 2022, extended the pretrial motion deadline to December 14, 2022, and found the time between November 14, 2022, and December 14, 2022, shall be deemed excludable time in any computation of time under the requirement of the Speedy Trial Act after making an "ends of justice" finding.  (Filing No. 55).

 On December 14, 2022, Defendant filed a motion to suppress (Filing No. 72) and the instant motion to dismiss (Filing No. 75).  On December 21, 2022, the government filed its brief in response to the motion to suppress (Filing No. 97) and its brief in response to the instant motion to dismiss (Filing No. 95).  After review of the motions and briefing, the Court determined an evidentiary hearing is not necessary for either motion, and thus the motions are now under advisement by the Court.

Defendant has moved to dismiss Count IV of the Indictment because his "protections under Nebraska's speedy trial statute Neb. Rev. Stat. Ann. § 29-1207, the Speedy Trial Act 18 U.S.C. § 3161, and his Sixth Amendment rights under the U.S. Constitution have been violated." (Filing No. 75).  Although the federal Indictment was filed on June 14, 2022, and Defendant was arraigned in federal court on August 9, 2022, Defendant maintains that the speedy trial clock actually started running on January 26, 2022, when he was arrested by the Omaha Police Department "for the state court equivalent" of the instant federal charge.  (Filing No. 76).  The factual conduct supporting both the state charge and the instant federal charge took place on or about January 26, 2022, when a firearm was found in Defendant's residence.

Defendant filed an Index of Evidence (Filing No. 77) containing the online docket for his

2

state court charge of possession of a firearm by a prohibited person.  Defendant was charged in state court on January 28, 2022, had an initial appearance in county court on January 31, 2022, and was released on bail.[1]  (Filing No. 77 at pp. 3-9).  Because Defendant was under supervised release in this court for a prior conviction for robbery, a petition for his arrest for noncompliance with his conditions[2] of supervised release was issued, and he was arrested on a federal arrest warrant on February 4, 2022. Defendant had his initial appearance on the supervised release revocation proceedings in this court on February 7, 2022, and a violation of supervised release hearing was set for March 31, 2022; this court ordered Defendant to be detained pending that hearing.  See Filing Nos. 492-502 in Case No. 8:14CR409.  On March 28, 2022, Defendant's motion to continue the violation of supervised release hearing was granted and the hearing continued to August 11, 2022, (Filing No. 507), then continued on motion to October 19, 2022, (Filing No. 518), then cancelled pending further order of the Court (Filing No. 527).

Defendant contends he has now been incarcerated for 10-months on the instant charge without trial, and that such delay violates his constitutional, and state and federal statutory speedy trial rights.  (Filing No. 76 at pp. 1-2).

### ANALYSIS

Defendant has moved to dismiss Count IV of the Indictment because his "protections under Nebraska's speedy trial statute Neb. Rev. Stat. Ann. § 29-1207, the Speedy Trial Act 18 U.S.C. § 3161, and his Sixth Amendment rights under the U.S. Constitution have been violated."  (Filing No. 75).

#### A.    Statutory Speedy Trial Rights

Defendant asserts his right under the Nebraska Speedy Trial Act has been violated.  However, the Nebraska Speedy Trial Act's provisions are inapplicable to the instant federal

---

[1] The state court charge was subsequently bound over from county court to the district court on February 14, 2022; Defendant represents in his brief that his state court case "was dismissed on or about the State of Nebraska's six month speedy trial period, and the case was sealed," although the case docket Defendant provided to this Court reflects no further docket entries after April 18, 2022.  (Filing No. 76 at p. 1; Filing No. 77 at p. 8).

[2] Specifically, the mandatory conditions that he "not commit another federal, state, or local crime," and that he "not possess a firearm," and the standard condition that he notify his probation officer within 72-hours of arrest. (Filing No. 493 in Case No. 8:14CR409).

proceedings.  The United States of America and the State of Nebraska are separate sovereigns capable of separately prosecuting the same criminal conduct.  See, e.g., *United States v. Winters*, 491 F.3d 918, 920 (8th Cir. 2007) (finding subsequent federal prosecution for the same acts that gave rise to a prior prosecution by the State of Iowa was not barred "[b]ecause Iowa and the United States are separate sovereigns," even though the defendant had previously successfully exercised his right to speedy trial under Iowa law); *United States v. Leathers*, 354 F.3d 955, 960 (8th Cir. 2004) (recognizing states and the United States are separate sovereigns in our federal system).  The Nebraska Speedy Trial Act applies to prosecutions by the state of Nebraska, not prosecutions by the federal government, like the offense contained in Count IV of the Indictment against Defendant. Therefore, to the extent Defendant seeks to apply the Nebraska Speedy Trial Act to the pending federal charge against him, that argument is rejected.

In this federal prosecution, the Speedy Trial Act applies to the pending federal charge against Defendant.  The Act provides that a federal indictment must be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b).  The Act further provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date last occurs.

18 U.S.C. § 3161(h)(1).

Time may be excluded from this calculation for specific periods of delay provided for in 18 U.S.C. § 3161(h).  Time is excluded for "[a]ny period of delay resulting from other proceedings concerning the defendant," including delay from pretrial motions, and delay attributable to any period "during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1).

In addition, time is excluded for:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  However, "[n]o such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  The defendant has the burden of proof to support a motion to dismiss for violation of the Act, "with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness."  *United States v. Aldaco*, 477 F.3d 1008, 1017 (8th Cir. 2007) (citing 18 U.S.C. § 3162(a)(2)).

In this case, Defendant does not actually attempt to calculate how much time he believes has run on the speedy trial clock or otherwise explain to the Court how the Act has been violated. Instead, Defendant's brief broadly states he has "remained incarcerated for approximately 10 months for an alleged unloaded gun found in the bedroom of his sleeping family as a result of a no-knock search warrant on January 26, 2022" and only specifically addresses his Sixth Amendment right to a speedy trial.  (Filing No. 76).  The Court could consider Defendant's failure to address his Speedy Trial Act violation argument a waiver of that issue.  See NECrimR. 12.3(b)(1) ("A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.").  Nevertheless, the Court will also address the merits of Defendant's Speedy Trial Act violation claim, which is without merit.

The Speedy Trial Act provides that a federal indictment must be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b).  Defendant conflates the state court prosecution with this federal prosecution and contends he was "arraigned in these proceedings on August 8, 2022, approximately seven months after his arrest."  However, "absent collusion between state and federal authorities, a state arrest does not activate the requirements of the federal [speedy trial] act."  *United States v. Sims*, 779 F.2d 16, 17 (8th Cir. 1985); see also *United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992) ("Only a federal arrest, not a state arrest, triggers § 3161(b)."); *United States v. Alvarez-Sanchez*, 511 U.S. 350, 358 (1994) ("Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a federal offense.").  Defendant does not allege anything to suggest there was collusion between state and federal authorities.  Defendant

does baselessly speculate that "When Nebraska's 6-month speedy trial deadline began to approach in [state court], the case was dismissed and passed on to federal prosecutors," which "effectively allowed the State of Nebraska to circumvent its own speedy trial statute and re-set the speedy trial clock for federal prosecutors." (Filing No. 76 at p. 3). But, "mere delay between a state arrest and federal indictment does not constitute evidence of collusion." *United States v. Haynes*, 958 F.3d 709, 713 (8th Cir. 2020) (rejecting the defendant's argument the thirty-day Speedy Trial clock began to run on the date of his state arrest based upon "mere speculation" that state and federal prosecutors colluded); see also *Winters*, 491 F.3d at 920 (finding subsequent federal prosecution for the same acts that gave rise to a prior prosecution by the State of Iowa was not barred although the defendant had previously successfully exercised his right to speedy trial under Iowa law). Defendant offers no evidence beyond the timing of the federal indictment to suggest that it was a result of collusion with state prosecutors, and therefore, the fact that Defendant was arrested by the Omaha Police Department for state charges on January 26, 2022, has no bearing on Defendant's rights under the Speedy Trial Act in this prosecution.

Here, the Indictment against Defendant was returned by a federal grand jury on June 14, 2022. (Filing No. 1). At the time, Defendant was already detained in connection with separate supervised release revocation proceedings commenced in February 2022. (Filing Nos. 492-502 in Case No. 8:14CR409). Defendant's initial appearance and arraignment on the Indictment in this case was held before the undersigned magistrate judge on August 9, 2022, Defendant pled not guilty, and the Court set August 29, 2022, as the deadline for filing pretrial motions. On August 29 and 30, 2022, Defendant and a co-defendant filed, and the Court granted, their motions to continue the pretrial motion deadline to October 13, 2022. The Court made an "ends of justice" finding when granting the motions. See 18 U.S.C. § 3161(h)(7)(A) (excluding "period of delay resulting from a continuance granted by any judge on his motion or at the request of the defendant or his counsel" upon an "ends of justice" finding). Thus, the period between August 29, 2022, and October 13, 2022, is excluded from the calculation of time under the Act, resulting in a total of 20-days being counted for the time period between August 9 and August 29.

On October 11, 2022, Defendant filed a second motion to continue the pretrial motion deadline, and on November 11, 2022, filed a third motion to continue the pretrial motion deadline, which were both granted by the Court after making "ends of justice" findings. This results in the

period between October 12, 2022, and November 14, 2022, and the period between November 14, 2022, and December 14, 2022, being excluded from the calculation of time under the Act. And, on December 14, 2022, Defendant filed a motion to suppress (Filing No. 72) and the instant motion to dismiss (Filing No. 75), which paused the speedy trial clock and is excluded from the calculation of time under the Act. See 18 U.S.C. §§ 3161(h)(1)(D), (H). Thus, based on the foregoing calculations, a total of 20-days are properly calculated against the speedy trial clock in this case. Therefore, Defendant's rights under the Speedy Trial Act have not been violated.

**B.     Constitutional Speedy Trial Right**

Defendant separately claims that his Sixth Amendment constitutional right to a speedy trial has been violated. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. "This right attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Flores-Lagonas*, 993 F.3d 550, 563 (8th Cir. 2021) (quoting *Aldaco*, 477 F.3d at 1016) (internal quotation marks omitted). To determine whether this right has been violated, courts consider "[(1) the] [l]ength of delay, [(2)] the reason for the delay, [(3)] the defendant's assertion of his right, and [(4)] prejudice to the defendant." *United States v. Ali*, 47 F.4th 691, 697-98 (8th Cir. 2022) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)) (alterations in original). "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Id.* at 698 (quoting *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). "Where no presumptively prejudicial delay existed, [the court] need not examine the remaining three factors under *Barker*." *Id.* (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). "A delay approaching a year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors." *Titlbach*, 339 F.3d at 699. "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *Id.*

Defendant argues the prosecution's delay of this case has been uncommonly long, once again conflating his initial arrest on the state charge with the instant federal charge. However, the relevant time period is measured from the date of the federal Indictment, which was filed on June 14, 2022. See *United States v. Ellis*, 622 F.3d 784, 791 (8th Cir. 2010) ("It is generally accepted

that a delay occasioned by the prosecution of the defendant in another jurisdiction is not a basis for a dismissal on constitutional speedy-trial grounds."). Defendant was already in federal custody for a separate violation of supervised release proceeding. See Case No. 8:14CR409. It is now approaching seven months since the Indictment was filed, which is an insufficient period of time to meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors. See, e.g., *United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) (finding five-month period between detention and trial on drug charges, interrupted by pretrial motions, "was not sufficiently long to be presumptively prejudicial"); *Ali*, 47 F.4th at 698 (finding fourteen months between indictment and trial did not give rise to a presumption of prejudice because "the delays in this case are not attributable to the government as they resulted from delays requested by his co-defendants or ordered by the court in which he acquiesced" and thus only considered the "relevant period" to be the date trial was set to begin after the defendant's last pretrial motion [October 19, 2020] and when trial actually began [January 11, 2021]). To date, the delays in this case are not attributable to the government, but were instead caused by Defendant's repeated requests to continue the pretrial motion deadline (which requests were granted by the Court after making ends of justice findings), and now by Defendant's filing of the instant pretrial motions. This case will be set for trial once the defendants' pretrial motions are fully disposed of by the Court. Therefore, the undersigned magistrate judge finds Defendant's Sixth Amendment constitutional right to a speedy trial has not been violated.

Upon consideration,

**IT IS HEREBY RECOMMENDED** to Brian C. Buescher, United States District Court Judge, that defendant Dilang D. Dat's Motion to Dismiss Based on Speedy Trial Grounds (Filing No. 75) be denied.

Dated this 12th day of January, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

8

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.