IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DILANG D. DAT, <br><br> Defendant. | 8:22-CR-147 <br><br> ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

This matter is before the Court on defendant Dilang N. Dat's objections to United States Magistrate Judge Michael D. Nelson's Findings and Recommendations. Filing 116; Filing 118. In two Findings and Recommendations, Judge Nelson recommended to the undersigned that Dat's Motion to Dismiss for violations of the Speedy Trial Act and the Sixth Amendment's guarantee of a right to a speedy trial should be denied, Filing 112, and that Dat's Motion to Suppress evidence located during a search of Dat's residence should be denied, Filing 114. Having carefully reviewed the matter *de novo*, 28 U.S.C. § 636(b)(1), the Court overrules Dat's objections, adopts Judge Nelson's Findings and Recommendations in their entirety, and denies Dat's Motions.

Dat's argument that the Speedy Trial Act has been violated because the time he was arrested by Nebraska authorities and subject to Nebraska state prosecution should be counted in this Federal case is without merit.[1] *See United States v. Garner*, 32 F.3d 1305, 1309 (8th Cir. 1994) ("The arrest on state charges does not engage the speedy trial protection for a subsequent federal charge."); *see also United States v. Haynes*, 958 F.3d 709, 713 (8th Cir. 2020) ("The thirty-day clock to return an indictment under the Act begins when there is a federal arrest or summons . . . . [M]ere delay between a state arrest and federal indictment does not constitute evidence of collusion

---

[1] The Court also finds that Dat wholly abandoned and waived this argument before Judge Nelson by failing to brief the Speedy Trial Act issue in his Motion to Dismiss. *See* NECrimR 12.3(b)(1).

1

[between federal and state prosecutors]."). Similarly, Dat's Sixth Amendment right to a speedy trial has not been violated because the Indictment has only been pending for approximately eight months, with much of the delay caused by Dat's repeated requests to continue the pretrial motion deadline and these current Motions. *See United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) (holding that an eighth month delay was not presumptively prejudicial and noting that much of the delay could be attributed to the defendant and his codefendants).

The Court also agrees with Judge Nelson that the affidavit relied upon by the judge issuing the search warrant established probable cause. *See United States v. Reed*, 25 F.4th 567, 569 (8th Cir. 2022) (outlining applicable standards). The trash pull conducted by law enforcement was lawful because the garbage outside of Dat's residence was readily accessible to the public. *See United States v. Hansen*, 27 F.4th 634, 637 (8th Cir. 2022). The garbage containing marijuana residue and ammunition, which was found in two black latex gloves; felons and gang members living in the residence; law enforcement receiving a tip that there were drugs being sold and stored in the residence; and other supporting statements in the affidavit established probable cause to issue a search warrant. *See United States v. Shockley*, 816 F.3d 1058, 1062 (8th Cir. 2016) (holding that a trash pull uncovering green leafy substance that tested positive for THC, eleven plastic gloves, and eight sandwich baggies established probable cause for search warrant); *see also United States v. Seidel*, 677 F.3d 334, 338 (8th Cir. 2012) ("[I]n fact, 'our court appears close to a blanket exception holding that trash pulls, standing alone, provide probable cause for the issuance of a search warrant in all cases.'" (quoting *United States v. Timley*, 443 F.3d 615, 624 (8th Cir. 2006))). Judge Nelson also correctly concluded that no *Franks* hearing was warranted on the suppression issue. *See United States v. Mayweather*, 993 F.3d 1035, 1043 (8th Cir. 2021) ("A defendant may only receive a *Franks* hearing after making a substantial preliminary showing that the warrant's

issuing judge relied on statements in an affidavit that were false or were omissions made knowingly and intentionally or with reckless disregard for the truth." (cleaned up)). Accordingly,

IT IS ORDERED:

1. Defendant Dilang Dat's Objections, Filing 115; Filing 117; are overruled;

2. The magistrate judge's Findings and Recommendations; Filing 112; Filing 114; are adopted in their entirety; and

3. Defendant Dilang Dat's Motion to Suppress, Filing 72, and Motion to Dismiss, Filing 75, are denied.

Dated this 22nd day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge