IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:22–CR–147 |
| vs. | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS |
| DILANG DAT, | |
| Defendant. | |

This matter is before the Court on Defendant Dilang Dat's *pro se* Motion to Dismiss Count IV of the Indictment. Filing 222. Count IV of the Indictment alleges that Dat unlawfully possessed a firearm despite knowing that he was a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Filing 1 at 2. Specifically, Count IV charges the following:

> On or about January 26, 2022, in the District of Nebraska, Defendant DILANG N. DAT, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: Robbery, United States District Court, District of Nebraska (2016), knowingly possessed a Ruger 57, 5.7 x 28 mm handgun, which had been shipped and transported in interstate commerce.

Filing 1 at 2.

Relying primarily on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Dat attempts to challenge 18 U.S.C. § 922(g)(1) both facially and as applied to him under the Second Amendment to the United States Constitution. Filing 222 at 2; Filing 223 at 3. In support of his Motion, Dat filed both a brief (Filing 223) and an Index of Evidence (Filing 224). The Government filed a response opposing Defendant's Motion. Filing 232. Having considered these submissions, along with all other pertinent matters in the record and the applicable law, the Court denies Dat's Motion to Dismiss, Filing 222, for the following reasons.

1

## I.  BACKGROUND

On March 14, 2016, Dat pleaded guilty to Hobbs Act Robbery in violation of 18 U.S.C. § 1951. *See* Case No. 8:14–CR–409 (Filing No. 268 at 1).[1] The count Dat pleaded guilty to alleged the following:

> On or about July 16, 2014, in the District of Nebraska, SHANE SEIZYS, EMMANUEL CHAPLAIN and DILANG DAT, defendants herein, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined by Title 18, United States Code, Section 1951, in that the defendants SHANE SEIZYS, EMMANUEL CHAPLAIN and DILANG DAT, did unlawfully take and obtain personal property consisting of United States currency and X box games from J.B., an employee working at Game Stop, against his/her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person; that is, SHANE SEIZYS, EMMANUEL CHAPLAIN and DILANG DAT entered Game Stop, one of the three had handguns and demanded the clerk open the registers.

*See* Case No. 8:14–CR–409 (Filing No. 170 at 7).

Approximately three months later, on June 20, 2016, Dat was sentenced to serve a 78-month term of imprisonment followed by three years of supervised release. *See* Case No. 8:14–CR–409 (Filing No. 268 at 1). Dat does not dispute this conviction or deny knowledge of it. *See* Filing 223 at 4; Filing 224 at 2.[2] However, he contends that the present charge brought against him

---

[1] The Court takes judicial notice of the docket entries from Dat's prior case in 8:14–CR–409, including the Superseding Indictment (Filing No. 170) and the Criminal Judgment (Filing No. 268). *See Hood v. United States*, 152 F.2d 431, 433 (8th Cir. 1946) (noting that a district court "could, of course, take judicial notice of its own records in the original case, including the docket entries"); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it").

[2] Dat included a notarized affidavit in the Index of Evidence he submitted in support of his Motion to Dismiss. According to this affidavit, Dat avers:

> On March 14, 2016, [he] was convicted for Hobbs Act Robbery under Title 18 U.S.C. § 1951, after he entered a plea agreement to plea [sic] guilty to count 13 in the superseding indictment. The Court accepted [his] plea, thereby finding him guilty. The Court sentenced [him] to 78 months prison term with the Federal Bureau of Prisons (FBOP) and to 36 term [sic] of supervision with U.S. Probation.

Filing 224 at 1–2.

2

for being a felon in possession in a firearm fails to withstand Second Amendment scrutiny. *See generally* Filing 222; Filing 223.

Dat was at one time represented by counsel, but later elected to proceed *pro se* following a hearing held by the assigned United States Magistrate Judge pursuant to *Faretta v. California*, 422 U.S. 806 (1975). After Dat elected to represent himself, he was granted leave to file the present Motion to Dismiss. The matter was initially referred to the assigned United States Magistrate Judge. However, after both parties submitted briefs on the Motion, the matter was unreferred and is now properly before this Court for resolution.

## II.   ANALYSIS

### A.  Dat's Jurisdictional Disputes and Citations to Various Inapplicable Rules

Before addressing the gravamen of Dat's Motion, the Court will first dispense with some ancillary arguments Dat makes in his filings. First, Dat's various citations to different Federal Rules of Civil Procedure as well as statutes and case law governing civil suits are inapplicable here.[3] This is a criminal case brought by the United States against Dat and, therefore, the Federal Rules of Criminal Procedure govern. Fed. R. Crim. P. 1(a)(1).

Second, Dat's suggestions that there are jurisdictional defects in this case lack merit.[4] Dat is alleged to have committed the federal offense at issue in the District of Nebraska. Filing 1 at 2. Because this Court has "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States[,]" 18 U.S.C. § 3231, Dat is subject to this Court's

---

[3] *See e.g.*, Filing 222 at 1–3 (invoking Rules 5.1 and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403); Filing 223 at 1 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[4] *See e.g.*, Filing 222 (Dat requesting that this Court "determine whether Plaintiff lacks 1.) Original Jurisdiction, 2.) Exclusive and Territorial Jurisdiction, 3.) Commerce Jurisdiction"); Filing 224 (Dat claiming that the Government does not have "Commerce Jurisdiction over the firearms at issue because any firearm alleged or attributed to Dilang is privately owned and a non-commercial property item outside of the stream of commerce being vied, kept, or otherwise possessed in a non-commercial manner or method in a private residence in the State of Nebraska").

jurisdiction. As for Dat's claim that the United States lacks "Commerce Jurisdiction"—which the Court liberally construes to be an attack on Congress's authority under the Constitution's Commerce Clause—this too lacks merit. "Section 922(g)(1) by its language only regulates those weapons affecting interstate commerce by being the subject of interstate trade." *United States v. Stuckey*, 255 F.3d 528, 530 (8th Cir. 2001) (quoting *United States v. Dorris*, 236 F.3d 582, 586 (10th Cir. 2000)). Indeed, Count IV of the Indictment explicitly alleges that the firearm at issue here "has been shipped and transported in interstate commerce." Filing 1 at 2. To the extent Dat contests § 922(g)(1) under the Commerce Clause, this "claim has already been considered and rejected by prior decisions of [the Eighth Circuit] upholding the constitutionality of the felon in possession statute versus a Commerce Clause argument." *United States v. Shepherd*, 284 F.3d 965, 969 (8th Cir. 2022). With these peripheral issues resolved, the Court now turns to Dat's Second Amendment challenge.

### B. Dat's Attack on 18 U.S.C. § 922(g)(1) is Foreclosed by Binding Precedent

Dat's constitutional attack on 18 U.S.C. § 922(g)(1) has no legal merit whatsoever. In *United States v. Cunningham*, the Eighth Circuit reiterated "that there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant." 70 F.4th 502, 506 (8th Cir. 2023) (citing *United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023)). In upholding the district court's decision to deny the defendant's motion to dismiss in that case, the Eighth Circuit said, "The longstanding prohibition of firearms by felons is constitutional[.]" *Cunningham*, 70 F.4th at 506. Since then, the Eighth Circuit has continued to insist "that § 922(g)(1) is constitutional." *United States v. Bull*, No. 22-2417, 2024 WL 378006, at *3 (8th Cir. Feb. 1, 2024) (per curiam).

It is undisputed that Dat was previously convicted of a felony. Filing 223 at 4; Filing 224 at 2. That resolves the matter as far as this Court is concerned. *See Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) ("[A] lower court should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. This is true even if the lower court thinks the precedent is in tension with some other line of decisions" (internal quotation marks and citations omitted)); *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (noting that a district court located within the Eighth Circuit is "bound . . . to apply the precedent of this Circuit"). The Court declines Dat's invitation to commit "fundamental error" by granting him relief the Eighth Circuit has expressly, repeatedly, and recently said is unwarranted. *See M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (describing the district court's failure to follow Eighth Circuit precedent as "fundamental error").

Yet, even if the Court were to indulge Dat's request and engage in the type of felony-by-felony analysis the Eighth Circuit has deemed improper, Dat's as-applied challenge would still fail. In a recent per curiam decision, the Eighth Circuit described its prior decision in *Jackson* as "cutting off as-applied challenges to" § 922(g)(1). *United States v. Doss*, No. 22-3662, 2023 WL 8299064, at *1 (8th Cir. Dec. 1, 2023) (per curiam) (citing *Jackson*, 69 F.4th at 502). However, the *Doss* Court went on to state in a footnote that even if the defendant in that case "could bring an as-applied challenge, he would not succeed" because it was "safe to say that [this defendant was] dangerous" in light of his "lengthy criminal record includ[ing] over 20 convictions, many of them violent." *Doss*, 2023 WL 8299064, at *1 n.2. Dat's criminal history also includes a felony conviction arising out of a violent robbery he admits that he pleaded guilty to in Count XIII of the Superseding Indictment in Case No. 8:14–CR–409. Filing 224 at 1–2. This count of conviction charged Dat with violating 18 U.S.C. § 1951 when he unlawfully took and obtained "personal

5

property consisting of United States currency and X box games from J.B., an employee working at Game Stop, against his/her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person[.]" *See* Case No. 8:14–CR–409 (Filing No. 170 at 7). So even if this Court could entertain his as-applied challenge by considering the nature of his underlying conviction, Dat would still not prevail. *See Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting) ("History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns").

Finally, the Court is not persuaded that Dat's compliance with the Military Selective Service Act, 50 U.S.C. § 3801, *et seq.*, alters the analysis at all. To be sure, Dat admits that "he is not in service nor has he ever served in the U.S. Armed Forces." Filing 223 at 7. However, he argues that individuals, like himself, "who are required to register under the U.S. Military Draft . . . are especially presumptively protected and included" within the scope of the Second Amendment. Filing 223 at 4. Liberally construing this argument, the Court understands Dat to say that because he "could" be conscripted into the Armed Forces one day pursuant to an act of Congress, the Second Amendment guarantees his right to possess firearms notwithstanding his prior felony conviction and 18 U.S.C. § 922(g)(1). This contention has no legal merit. The fact that Dat might theoretically be required to serve in the Armed Forces and possess a firearm in furtherance of those duties has no bearing on whether he, a convicted felon, is allowed to personally possess a firearm strictly in his capacity as a civilian.

### III. CONCLUSION

For the reasons explained above, the arguments Dat raises in his Motion to Dismiss lack merit and his Second Amendment challenge is foreclosed by binding Eighth Circuit precedent. Accordingly,

6

IT IS ORDERED: Dat's Motion to Dismiss, Filing 222, is denied.

Dated this 20th day of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge