IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DILANG DAT,<br><br>                Defendant. | 8:22–CR–147<br><br>**ORDER** |

        On March 20, 2024, the undersigned issued an Order denying Defendant Dilang Dat's *pro se* Motion to Dismiss Count IV of the Indictment. Filing 234 at 7. In so doing, the Court was not acting upon a Findings and Recommendation from a Magistrate Judge. The undersigned considered the matter and issued a ruling. Filing 234 at 3. Nevertheless, on April 4, 2024, this Court received a filing captioned "Defendant Dilang N. Dat Declaration of Objections to Memorandum and Order on Defendant's Motion to Dismiss." Filing 243 at 1. Dat also filed a 28-page "Index of Evidence" in support of his Objections. Filing 244. While it would have been proper for Dat to file objections to a magistrate judge's Findings and Recommendation, *see* Fed. R. Crim. P. 59(b)(2) and NECrimR 59.2(a), there was no such Findings and Recommendation here. Accordingly, Dat's Objections are procedurally improper.

        In any event, the Court has reviewed the matters Dat has raised in Filing 243 and Filing 244 and concludes that he is not entitled to any relief. Even if the Court were to liberally construe his "Objections" as a request for reconsideration, this request lacks merit under any standard of review and will be denied.[1] Nothing Dat has submitted in either Filing 243 or Filing 244 warrants

---

[1] *See United States v. Garcia*, No. CR 16-333 (DWF/SER), 2021 WL 165117, at *2 (D. Minn. Jan. 19, 2021) (noting that "[a]lthough motions for reconsideration are not addressed in the Federal Rules of Criminal Procedure . . . the Supreme Court of the United States has recognized that motions for reconsideration are 'a well-established procedural rule for criminal, as well as civil, litigation[.]'") (quoting *United States v. Healy*, 376 U.S. 75, 80 (1964)).

1

reconsideration of the Court's Order denying his Motion to Dismiss. That Order, Filing 234, therefore remains in full force and effect.

Finally, the Court notes that shortly after Dat filed his *pro se* "Objections," he requested appointment of counsel. Filing 246. The Court granted Dat's request, and counsel was appointed. Filing 247. Going forward, all further correspondence with the Court related to Dat's case shall be submitted through Dat's counsel.

IT IS ORDERED: Defendant Dilang N. Dat's "Declaration of Objections to Memorandum and Order on Defendant's Motion to Dismiss," Filing 243, is denied.

Dated this 9th day of April, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge